UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, <br>         Plaintiff, <br><br> Vs. <br><br> 374-378 WEST BROADWAY, LLC, RYAN CONNELLY, individually and in his Capacity as President and Owner of RMC Development, and as Manager of 374-378 West Broadway, LLC, JOSEPH CONNELLY Individually and as Manager of 374-378 West Broadway LLC, RMC DEVELOPMENT CORP., ROBSON REIS, ESTHEFANHY REIS, individually and as mother and next Friend of ["NAME OMITTED"] <br>         Defendants. | DOCKET NUMBER |

**COMPLAINT FOR DECLARATORY RELIEF AND CLAIM FOR JURY TRIAL**

**NATURE OF ACTION**

1. This Complaint is a request for judgment declaring that an insurance policy issued by Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 ("Underwriters") does <u>not</u> require Underwriters to continue to defend, or to indemnify, 374-378 West Broadway, LLC ("West Broadway, LLC") and/or its managers/employees, including Ryan Connelly and Joseph Connelly, or to defend or indemnify RMC Development Corp., relative to the claims brought in the case of <u>Robson Reis, Esthefanhy Reis and ["Name Omitted"], minor child by and through his mother and next friend, Esthefanhy Reis vs. RMC Development Corp., 374-378 West Broadway, LLC, Ryan Connelly, Individually and in his capacity as the president and owner of RMC Development Corp., and in his capacity as the Manager of 374-378 West Broadway, LLC, Joseph Connelly, Individually and in his capacity as the Manager of 374-</u>

<u>378 West Broadway, LLC</u>, Suffolk Superior Court Civil Action No. 2014-2237D (the "Underlying Action").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states / countries and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) and/or (b)(2) as this action concerns an insurance policy issued to West Broadway, LLC, a Massachusetts limited liability company with a principal place of business in Boston, Massachusetts.

## PARTIES

4. Underwriters are those individuals subscribing to a policy of insurance, Number LGL1019652, a commercial general liability policy, effective January 5, 2011 to January 5, 2012.

5. West Broadway, LLC is a Massachusetts limited liability company with a principal place of business at 171 Milk Street, Suite 32, Boston, Massachusetts.

6. Ryan Connelly is an individual residing in North Quincy, Massachusetts.

7. Ryan Connelly is or was also a manager of West Broadway, LLC.

8. Joseph Connelly is an individual residing in Marshfield, Massachusetts.

9. Joseph Connelly is or was also a manger of West Broadway, LLC.

10. RMC Development Corp. ("RMC") is a Massachusetts corporation with a principal place of business at 2 Hancock Street, Quincy, Massachusetts.

11. Ryan Connelly is also corporate officer and director of RMC.

## OTHER INTERESTED DEFENDANT PARTIES

12. Robson Reis ("Reis") is an individual who resides in Milford, Massachusetts, and is a plaintiff in the Underlying Action.

13. Esthefanhy Reis is an individual who resides in Milford, Massachusetts, and is a plaintiff making a loss of spousal consortium claim in the Underlying Action.

14. ["Name Omitted"] is minor who resides in Milford, Massachusetts, and joins as a plaintiff making a loss of parental consortium claim in the Underlying Action through his mother and next friend.

## BACKGROUND / FACTUAL ALLEGATIONS

15. Reis has filed an action in Suffolk Superior Court, Civil Action No. 2014-2237D, asserting claims for negligence and strict liability against West Broadway, LLC, and other defendants. A true copy of the Complaint in the Underlying Action is attached hereto as "A."

16. Esthefanhy Reis, for herself and her son, ["Name Omitted"], asserts loss of consortium claims against the defendants in the Underlying Action.

17. The claims In the Underlying Action derive from an accident that allegedly injured Reis while he was working as a laborer on a construction site at 374-378 West Broadway, South Boston, Massachusetts ("the Project") on July 22, 2011.

18. Reis alleges he "was a lawful invitee working as a laborer" and "under the direction, supervision, authority, and control of Defendants RMC and R. Connelly who were respectively the General Contractor and Superintendent at the construction site . . . owned by [West Broadway,] LLC."

19. Reis alleges to have fallen down an open elevator shaft and suffered "serious bodily injuries" while "engaged in work in the scope and course of his employment at the construction site."

20. RMC was the general contractor for the Project.

21. RMC neither a named insured nor an additional insured on the Policy.

22.     Underwriters were notified of Reis' July 22, 2011 accident on or about August 5, 2014.

23.     Underwriters are providing a defense to West Broadway, LLC, and Ryan Connelly and Joseph Connelly to the extent claims are asserted against them in their capacities as managers / employees of West Broadway, LLC, in the Underlying Action under a reservation of rights.

## POLICY LANGUAGE

24.     At all times herein, Underwriters issued a commercial insurance policy, Certificate No. LGL1019652, to *374-378 West Broadway, LLC, Ryan Connelly PO Box 52514, Boston, MA 02205* with a policy period running from January 5, 2011 to January 5, 2012 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "B."

25.     The Policy provides certain commercial general liability insurance relative to real estate development at 374-378 West Broadway, South Boston, Massachusetts.

26.     The following relevant provisions appear in the Policy's *Commercial General Liability Coverage Form* (CG 00 01 12 04):

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

*Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*

*The word "insured" means any person or entity identified as such under Section II – Who is an Insured.*

*Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.*

*SECTION I – COVERAGES*
*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
*1.      Insuring Agreement*

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .
>
> . . .
>
> **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

27. The Policy defines the terms applicable to Coverage A in Section V:

**SECTION V – DEFINITIONS**

. . .

**3. "Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death results from any of these at any time.

. . .

**13. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

28. Under Section II, the Policy restricts "Who is an Insured," in relevant part, to:

**SECTION II – WHO IS AN INSURED**

*1. If you are designated in the Declarations as:*
*a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*
. . .
*c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*
. . .

*2. Each of the following is also an insured:*
*a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than . . . your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

. . .

29.     Under Section IV, the Policy includes notice requirements that provide:

*SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*
...
*2. Duties in The Event of Occurrence, Offense, Claim or Suit*
   *a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
   *(1) How, when and where the "occurrence" or offense took place;*
   *(2) The name and addresses of any injured persons and witnesses; and*
   *(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.*

30.     The Policy also includes an **Independent Contractors Exclusion** (form ICE) providing:

*INDEPENDENT CONTRACTORS EXCLUSION*

*In consideration of the premium charged, it is hereby understood and agreed that the coverage afforded by this policy does not apply to "bodily injury" or "property damage" arising out of operations performed for the Named Insured by Independent Contractors or acts or omissions of the Named Insured in connection with his general supervision of such operations.*

31.     The Policy also includes a **Classification Limitation Endorsement** (included as part of form LL0001) providing:

*Coverage under this policy is specifically limited to those operations described by the classification(s) in the Commercial General Liability Coverage Part Declaration. This policy does not apply to any operations not specifically listed in the Commercial General Liability Coverage Part Declarations or endorsed hereon.*

32.     The Policy's "Commercial General Liability Coverage Part Supplemental Declarations" page includes a single premium classification for *Real Estate Development Property (New Construction of 10 Residential Units)*, provides a "Business Description" of *Real Estate Development Property*, and lists the Location of Premises the insured owns, rents or occupies as *374-378 West Broadway, South Boston, Massachusetts*.

## COUNT I – DECLARATION THAT RMC IS NOT AN INSURED UNDER THE POLICY

33. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32 as if fully stated herein.

34. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify RMC for the claims asserted in the Complaint.

35. The Policy was issued to West Broadway, LLC, a limited liability company; not to RMC, a corporation.

36. RMC does not qualify as an insured under any provision in the Policy.

37. The Policy provides that: *No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

38. No business relationship that may exist between West Broadway, LLC and RMC is shown as a named insured in the Policy's Declarations.

39. RMC has no reasonable expectation of coverage under the Policy.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide RMC with a defense to any claim asserted in the Complaint because of applicable and controlling language and/or exclusions contained in the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to defend or indemnify RMC for any claims asserted against it in the Complaint because RMC does not qualify as an insured under the Policy.

c.     That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT II – DECLARATION REGARDING RYAN CONNELLY'S INSURED STATUS UNDER THE POLICY

40.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39 as if fully stated herein.

41.    An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not and/or to what extent Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify Ryan Connelly for the claims asserted in the Complaint.

42.    Ryan Connelly is named as a defendant in his capacity as manager of West Broadway, LLC, in his capacity as owner / corporate officer / director of RMC, and in his individual capacity.

43.    The Policy was issued to West Broadway, LLC, a limited liability company.

44.    Relative to limited liability companies, the Policy provides that: *Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

45.    Ryan Connelly was the superintendent of the Project.

46.    Ryan Connelly does not qualify as an insured relative to any claims against him in the Complaint as the allegations / conduct complained of relate to actions with respect to his duties for RMC and/or as superintendent of the Project.

47.    The Policy was not issued to Ryan Connelly as an individual; even if it had been, the Policy provides that that if the insured is *designated in the Declarations as. . . An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

48.     Ryan Connelly does not qualify as an insured "individually" as the allegations against him do not relate to any "business of which [he is] the sole owner" and, to the extent he is sued individually, involve conduct outside the scope of any employment / duties for West Broadway, LLC.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide Ryan Connelly with a defense to any claim asserted in the Complaint because of applicable and controlling language and/or exclusions contained in the Policy.

b.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to defend or indemnify Ryan Connelly for any claims asserted against him in the Complaint because, under the circumstances, Ryan Connelly does not qualify as an insured under the Policy.

c.     Alternatively, that under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to defend or indemnify Ryan Connelly for any claims asserted against him individually or in any capacity for RMC because, under the circumstances, Ryan Connelly does not qualify as an insured under the Policy.

d.     That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT III – DECLARATION THAT JOSEPH CONNELLY, INDIVIDUALLY, IS NOT AN INSURED UNDER THE POLICY

49.     The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 48 as if fully stated herein.

50. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not and/or to what extent Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify Joseph Connelly for the claims asserted in the Complaint.

51. Joseph Connelly is named as a defendant in his capacity as manager of West Broadway, LLC, and in his individual capacity.

52. As manager of West Broadway, LLC, a limited liability company, Joseph Connelly is an insured, *but only with respect to [his] duties as [West Broadway, LLC's] manager[]*.

53. The allegations against Joseph Connelly, individually, do not relate to any duty he would have as a manager of West Broadway, LLC.

54. The Policy was not issued to Joseph Connelly as an individual; even if it had been, the Policy provides that that if the insured is *designated in the Declarations as. . . An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

55. Joseph Connelly does not qualify as an insured "individually" as the allegations against him do not relate to any "business of which [he is] the sole owner" and, to the extent he is sued individually, involve conduct outside the scope of any employment / duties for West Broadway, LLC.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide Joseph Connelly with a defense to any claim asserted in the Complaint because of applicable and controlling language and/or exclusions contained in the Policy.

b. Alternatively, that under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to defend or indemnify Joseph Connelly for any claims asserted against him individually because, under the circumstances, Joseph Connelly does not qualify as an insured under the Policy.

c.  That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

### COUNT IV – DECLARATION THAT CLAIMS AGAINST ALL DEFENDANTS ARE BARRED BY THE "INDEPENDENT CONTRACTORS EXCLUSION"

56. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 55 as if fully stated herein.

57. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify any defendant in the Underlying Action for the claims asserted in the Complaint.

58. The Policy excludes coverage for "bodily injury" *arising out of operations performed for the Named Insured by Independent Contractors or acts or omissions of the Named Insured in connection with his general supervision of such operations.*

59. Reis alleges he sustained "bodily injury" as a result of the accident that occurred on July 22, 2011.

60. The loss of consortium claims in the Complaint are derived from Reis' alleged "bodily injuries."

61. Reis was an independent contractor on the Project injured during the course of his work on the Project.

62. West Broadway, LLC was the owner of the property where Reis was working on the Project at the time of his alleged accident.

63. The allegations against West Broadway, LLC, directly or vicariously relate to alleged duties of general supervision relative to the Project.

64.  Coverage for all claims in the Underlying Action is excluded by the Policy's "**Independent Contractors Exclusion.**"

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a.  That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide any defendant with a defense to any claim asserted in the Complaint because of applicable and controlling language and/or exclusions contained in the Policy.

b.  That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to indemnify any defendant for any claim asserted against them in the Underlying Action because of the Policy's "Independent Contractors Exclusion."

c.  That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT V –DECLARATION THAT CLAIMS ARE BARRED BY THE "CLASSIFICATION LIMITATION ENDORSEMENT"

65.  The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 64 as if fully stated herein.

66.  An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify any defendant in the Underlying Action for the claims asserted in the Complaint.

67.  The Policy excludes from coverage claims stemming from operations which are not specifically listed in the Commercial General Liability Coverage Declarations or the Policy's endorsements.

68.  Reis' injuries arose out of the operations beyond the *Real Estate Development Property* operations listed in the Declarations.

69.  Coverage for all of the claims in the Underlying Action are precluded by the Policy's "Classification Limitation Endorsement."

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide a defense to any claim asserted in the Underlying Action because of applicable and controlling language and/or exclusions contained in the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to indemnify for any claims asserted in the Underlying Action because of the Policy's "Classification Limitation Endorsement."

c. That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT VI – DECLARATION THAT WEST BROADWAY, LLC'S LATE NOTICE PRECLUDES COVERGE

70. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 69 as if fully stated herein.

71. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are required to defend or indemnify for the claims asserted in the Complaint.

72. The Policy required West Broadway, LLC, to notify Underwriters "as soon as practicable" of any "occurrence" that could result in a claim.

73. Reis' alleged accident occurred on July 22, 2011, at a construction site where Ryan Connelly, an alleged manager of West Broadway, LLC, was the superintendent.

74. Underwriters were first put on notice of the accident on or about August 5, 2014, after suit was filed and more than three years after the accident.

75. The failure to timely notify Underwriters of the accident prejudiced Underwriters.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to provide a defense to any claim asserted in the Underlying Action because of applicable and controlling language and/or exclusions contained in the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 are not required to defend or indemnify for any claims asserted in the Underlying Action because of the failure to comply with the Policy's notice provisions.

c. That Certain Underwriters at Lloyd's, London subscribing to Policy LGL1019652 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

**THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                                        Certain Underwriters at Lloyd's, London,
                                        By Their Attorney:


Dated: October 2, 2014                  _____/s/ Thomas B. Farrey, III_____
                                        **THOMAS B. FARREY, III**
                                        Burns & Farrey, P.C.
                                        446 Main Street
                                        Worcester, MA 01608
                                        Tel.:   508.756.6288
                                        BBO:  159880
                                        EMail: farrey@burnsandfarrey.com

JPM/kna
(LO193-#807498)